The 5th case, Ward v. Soo Line Railroad. Good morning, judges. May it please the court, I'm Leslie Rosen on behalf of the plaintiff appellant, Ron Ward. As you know, this is a very simple set of facts, and it's a confusing situation with the law. My guy, my plaintiff, is an American railroad worker. His run on the locomotive is from Elkhart, Indiana to Windsor, Ontario. My brief incorrectly says Ottawa, it's Windsor. And four miles from the U.S. border, his seat collapses. If it had been four miles inside the United States, we wouldn't be here today. Why didn't you sue in Canada under Canadian law? Believe me, I've looked into that. He's not a Canadian resident. That was one of my first questions. I called counsel in Buffalo to see if I could have, and they have workers' camp. I don't think it was possible. He's an American resident. This is an American company. I thought, is this, was he, should have done it? I couldn't figure out a way to do it, but he didn't. I don't think it would have worked. We're dealing with a fairly confusing set of briefs and precedents here. It seemed to me that there was a fairly straightforward answer here that I'd like to run by you, which is the FELA does not preempt tort claims in this situation because it happened outside the United States. The accident happened outside the United States. The Locomotive Inspection Act sets standards that the defendants say applies to their equipment being run,  and as I understand it, you're alleging with varying degrees of clarity that the defendant's equipment violated LIA regulations and more general standards of safety, and Indiana law allows claims for negligence based on such breaches of federal standards of conduct. That's correct. And that would not seem to be preempted under the LIA. That is my position. What is so hard about that? That is my position. I don't think there's anything hard about it, and I think that I didn't, the only thing that maybe the judge didn't get before is that we didn't cite the two cases from Priestman and the New York case and the Maine case in the lower court, so maybe that's why the judge didn't understand that. People may have gotten confused because of the border issues, which are fairly unusual at least, but the Delaware and Hudson decision by the Third Circuit, Judge Jordan's opinion, seemed to me to provide pretty straightforward answers to these doctrinal confusions. That's the case where there's third-party contribution? Right, but which assumes that if you don't have FELA preemption, then state common law is available not by, it can't impose new standards of conduct, but it can be used to enforce the federal standards of conduct. Correct. That case was presented to the judge below, and it did not win the day. So then in this court, I did find two other cases that were more directly on point, and they're the closest cases I could find. One is from the District of Maine, and one is from the Southern District of New York, where they precisely involve American workers who are injured in Canada. That other case, I don't know why it happened. Maybe it's my mistake that I didn't find those cases earlier. They were hiding in plain sight, but that's how it seems. That's my story. I understood that you waived all of your claims except for the failure to warn claim. That's what they're claiming. That's their argument. You've conceded that. That's all that's alive in this case is a failure to warn claim. At this time, it's failure to warn, yes. Okay. How is that not preempted by the LIA? You're not claiming a violation of the federal standard. You're claiming a failure to warn, which has nothing to do with the federal standard. First of all, after the LIA claims were dismissed, trial counsel did try to file a third amended complaint, or another amended complaint, which was not allowed. Okay, so all we have alive in this case is a failure to warn claim, which has nothing to do with a violation of the federal standards promulgated under the LIA. Well, that wasn't the judge's belief. It doesn't matter what the judge believed. You're here on de novo review, so just talk to us. Okay. What are you alleging? What live claim do you have? The live claim at this time is failure to warn. Okay, that's not an LIA claim. We could amend, though, can't we? No. Why? It's too late. You've been denied that, and that's waived. It's gone. All you have left is a state failure to warn claim, strict products liability claim, which is not an LIA claim. You're not alleging, and as far as I understand from the confusing briefing here, you don't have evidence of a violation of the federal standard promulgated under the LIA. We sought leave to amend the complaint to put it back to the LIA, and that was denied. That was denied, and that issue is not before us. All we have is the issue of whether a failure to warn claim, which is the only live claim in this case, is preempted by the LIA. And that's clearly controlled by the Kearns decision. I don't think it's so clearly controlled by the Kearns decision. That's what the Kearns decision says. Failure to warn claims are preempted by the LIA. The Kearns decision, of course, says that, but that is a case involving mesothelioma with 59 defendants, and it was in the United States. We did not have the situation there. That doesn't make any difference here. It's a holding about LIA preemption, and the federal LIA, Locomotive Inspection Act, preempts state failure to warn claims. That's the end of your case. But what if the LIA does not apply? The LIA does apply. It applies to all locomotives, and this is a locomotive injury case. But the difference is the Kearns case does not involve a situation where the FELA does not apply. The LIA does not. That doesn't matter. This is not an FELA case. This is an LIA case. But the LIA is not a separate cause of action. It doesn't allow you. I understand that. It's an LIA preemption case because the only cause of action that you have left is a strict product liability state claim for failure to warn, and that's flatly preempted by the LIA. It seems to me that if the judge's decision was incorrect about the preemption under the FELA and that we could have proceeded under state law claims, we could have amended the complaint properly. You didn't preserve that argument. What you've told us is that you're pursuing only the failure to warn claim, yet there would have been available. The regulation under the LIA, cab seats shall be securely mounted and braced. Yes. This one was not, right? Correct. But how have you preserved that claim? Well, I don't see that that was a final ruling. That was in the case. Am I correct? It was in the case. A final judgment was entered in the case. Yes. Right? Of course. So where did you preserve the ability to pursue this LIA theory of a direct violation of the federal standard as amounting to a breach of a duty that can be enforced under state law? Well, it seems to me that the LIA does not apply because it's part of the FELA and that I could do it. But we disagree. I got it. I got it. And it also seemed to me that the failure that you're saying on appeal, I should have also argued that the court was wrong not to allow us to amend the complaints because that would have preserved it because we said we'll gladly go back, we'll gladly do LIA claims. That's all in there and that was all denied. It was a situation where any way we tried to go, we were foreclosed. So I believe that we should be able to have the right to go back in because the negligence claims against the railroad are good and that we could amend the complaint further on remand. It seems like this is a case where it was heads I win, tails you lose, totally unfair. When was the district judge presented the route that I was discussing with you at first? I was simply saying LIA standards are violated. We enforce that under the common law since the FELA does not apply. Our response to the motion to dismiss, the SULA has that. So you argued that the LIA is the standard of care and that standard of care was breached. You made that explicit argument in the district court? Yes. Mr. Sands, I believe that. I'm pretty confident, yes. Well, if you made that argument in the district court, you sure haven't made it here, so it's gone. Okay, my time is up. Thank you, Ms. Rosen. Mr. Longworth. May it please the court, Gregory Longworth here on behalf of Soo Line. I just want to address a couple of the questions that have been asked by the members of the court. The first is the availability of Canada law. I don't know whether Canada law for sure would have been available, but certainly the Rogers case that the plaintiff relies on seems to infer that, at least in the FELA preemption situation. In a footnote, they say, why don't you go to Canada? And, in fact, the Priestman case, I think there was a judgment that was rendered in Canada. So I think that was an option for the plaintiff, certainly was a viable route to consider pursuing. The court has asked about the Third Circuit situation, and, in fact, I think that there was some effort on behalf of Mr. Ward to amend the complaint that was denied as being. But complaints don't have to articulate legal theories. Excuse me? Complaints do not have to articulate legal theories. That is true, but it was clear that the standards that were being alleged were Indiana standards. And what was not being alleged was. I thought he was referring to industry standards. Wouldn't that seem to reflect the LIA? The Third Circuit makes it pretty clear, I think, that that type of claim, and I will note that my co-defendants disagree with that Third Circuit opinion. They don't think that that claim exists. I do think that claim exists on behalf of the railroad. And would exist on behalf of an employee who is not covered by FELA preemption if he were suing the railroad, right? I believe that it would, yes. Now, again, the motion to amend was denied, and that denial of the motion to amend has not been appealed. So that simply is not. That's really not. That's beside the point. You don't have to include your legal theories in a pleading. Now, whether the argument is made in response to a motion to dismiss and on appeal is a different problem. But let's not get too excited about denial of leave to amend. The other factor in that is that there was the concession that all the claims are gone other than the failure to warn. And as Judge Sykes has pointed out, I think that was precisely one of the holdings of the Kearns case. I will disagree with counsel about the LIA being part of the FELA. They are distinct acts. One of the ways we know that is because Kearns itself, and these are, I want to quickly make three points. The first is this, that the LIA is distinguished and distinguishable from the FELA. There is no FELA claim in Kearns by the time the case gets to the Supreme Court. The employer is not one of the defendants before the Supreme Court. The only defendants are the manufacturers of the locomotive parts, the brakes, brake pads. And the court, despite that, despite the fact that there's no FELA claim, says that LIA preemption applies in the case. The second reason is that LIA preemption defense needs to apply here is a very practical one. The reality is that Mr. Ward has sued under Indiana law, and he's asserting Indiana duties and standards of care. The reason that he did that, presumably, is because he sued in Indiana, and he's from Indiana. There may well have been crew members that day from Michigan or Illinois or any other number of states, and if one of those employees had been injured instead, presumably they could have sued under their state standards and duties. If the court allows Mr. Ward to pursue his Indiana duties and standards of care, nothing stops any other employee from suing under any other state's duties and standards of care, which means that the railroad, as the employer, is put in an untenable position of needing to protect against every standard of care, every duty, not only the LIA, which is supposed to be the one uniform duty, but every state's duty as well. But you would agree that if this chair had not collapsed until the train had gotten back over the bridge, this would be a pretty straightforward claim under the FELA for violating a standard applicable under the LIA, right? Yes, that is correct. I assume you guys handle those claims, the railroad handles those sorts of claims all the time. That's correct, and it would have been that situation, but we have the strange situation having the injury happen in Canada where the FELA does not apply according to the Supreme Court. Was there any argument made in the district court by the plaintiff offering to use or arguing the federal standard and that the claim would proceed under the federal duty of care? I think that there was some intimation, at least to that effect, and that's where the district court said that it was too late to amend to add those claims. And again, that's what was not appealed to this court, the denial of that motion to amend. If Mr. Ward is allowed to assert these state claims and if any other employee would be allowed to assert the state claims, it would, in effect, eviscerate the very purpose and intent of the LIA. The purpose and intent is that the manufacturers, as well as the railroad employer, be subject to one single uniform standard. They know that when they construct a locomotive, it has to meet these specific requirements, and if it meets those specific requirements, there's no further liability for violating any other state's standards or duties. We basically, what Mr. Ward's inviting the court to do is basically open up a free-for-all where any state's duties could be imposed any time the injury happens to happen in Canada. And it's not uncommon at all for trains to move from the United States to Canada. It happens routinely. Do you think the mail case out of North Dakota was correctly decided? I'd have to refresh myself. That was the derailment in Minot where all relief was denied on this preemption, not the LIA but a very similar statute. Right, it was not an LIA case. I know I've looked at it in connection with the Delaware and Hudson appeal several years ago, but I have not looked at that case recently. What I would say is that it's not uncommon for preemption to result in no remedy, and that happens all the time. This court's given, though, the fairly sweeping and general standards under the LIA and the Safety Appliance Act, and there's something that starts with an R that I don't remember. One would think, though, that the device of suing under state law for breach of a federal standard of care would at least in many cases allow a remedy. Well, according to Delaware and Hudson, that is a viable option. Again, my co-defendants disagree on that, but that potentially is a viable option. But that doesn't get Mr. Ward around the predicament of prevents. Well, if I understand, Mr. Longworth, if I understand your position correctly, in essence the mistake that the plaintiff made was in waiving all but the failure to warn claims, that if he had preserved claims based on simply the substantive breach of the LIA standards, there would be a perfectly viable claim against the railroad. Well, I will disagree on one point. I don't think he ever asserted an LIA claim against the railroad or against either of the defendants. He asserted a negligence claim for a chair that broke, and you can sort out the contentions later. It's not a question about the inadequacy of the complaint. But it was time to sort out those claims in connection with a motion to dismiss or a motion for summary judgment, and that's not what happened. I would answer any other questions, or I would attempt to answer any other questions if you have them. Thank you. Thank you, Mr. Longworth. Mr. Drentlaw? Mr. Drentlaw. Good morning, Your Honors. Stacey Drentlaw on behalf of General Electric. First of all, I join in the arguments that were presented by Sue Line, with the exception to agreeing with the Third Circuit case. With regard to GE today, there were two separate buckets of claims alleged against it. Number one, failure to warn. Number two, failure to report. Mr. Ward conceded before the lower court that the negligent installation claim was preempted. That's gone as to GE. All that was left in the district court, according to Mr. Ward, was a failure to warn claim. He did not assert any failure to warn claims against GE. So that's the end of the issue for GE. He did have a failure to report claim in his complaint. He did not brief that before the district court. The district court specifically commented on that, and also found that even if he had asserted that type of claim, it's similar to a failure to warn claim that would be preempted under currents. With that being said, if you don't have any questions, I'll rely on my brief. So what's your position, counsel? Suppose a manufacturer of railroad equipment, a manufacturer's equipment that fails to comply with LIA standards, let's say for brakes or for electrical safety, for electrical locomotives, whatever that might be, and somewhere in the United States that defective equipment causes some kind of serious accident, injures bystanders, injures neighboring landowners, injures passengers and crew. Apart from the crew, can the other parties sue the manufacturer for breaching the LIA duty under state law? I would argue that they could not. So there's no remedy at all. Is that right? Trying to apply using a state law case. Negligence per se for breaching an applicable federal law standard. I would still argue that's preempted because the state remedy would differ from state to state, which would undermine the uniformity desired under the LIA. So the answer would be there is no remedy. That would be my answer. And so that these statutes that don't actually include any preemptive language at all give blanket immunity to the railroad industry and manufacturers from tortuous harms caused by their products. Is that right? That's the position? Yes, Your Honor. That's astonishing. That's what the court in Delaware and Hudson was obviously rejecting, and I find it just an astonishing position. Let me bring you back to the Mel case out of North Dakota where that very argument was made and adopted by the district court. You asked if that decision was right or wrong. I won't take a position on whether it's right or wrong, but Congress did take a position and amended the FRSA to change the law in response to the Mel decision. So I would say that to the extent a position that claims are preempted is untenable, it's Congress's job to amend the statute. A statute that does not impose any preemptive language at all. Under the LIA, it's a field preemption standard. That's what Napier said. So, yes, I would agree with that. I see my time is up. Are there any other questions? Thank you for your time. Okay. Thank you, Ms. Drenthal. Ms. Rosen, do you have any time? You may have an additional minute. Thank you. Failure to warn was what was left with GE. All of count three, again, of negligence was left as to Sioux Line Railroad, as I understand it. And I will check that and gladly submit a letter to verify that because I'm not 100%, but I'm pretty close. The negligence claims was more than that. It was a failure to inspect about the seat. The LIA requires a daily inspection, doesn't it? I don't know. I don't know, honestly. And the first order dismissing GE and seats, it says on page 16 of the order in my appendix at ASEC 16, Ward concedes that the complaint does not mention the LIA, but maintains that his claims against defendants are premised on a violation of the duties and standards of care stemming from the LIA itself. Allowing this suit to proceed would not eviscerate the LIA. It would not cause a free-for-all, as the language I cited from the Priestman case says. This is a peculiar situation, and justice demands it. The FDLA and LIA are both very liberal statutes. They're there. The FDLA was the first safety statute ever enacted in this country to protect railroad workers, and to not have a remedy for them is just grossly unfair. The meal case wasn't unfair. The court itself noted that it was unfair, but they felt it was a very harsh decision. They said it right before the conclusion, but they said they were constrained by the language of the statute. There's no such no? No language in the statute. No. They said, I believe I just saw that. But this statute is a liberal statute, and so I'd say no, it wasn't rightly decided, but it's not the same statute. Thank you, Susan. Thanks to all counsel. The case is taken under advisement.